UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARFIELD LAWSON,

    Plaintiff,

v.

Case No. 2:09-cv-2
HON. ROBERT HOLMES BELL

MICHAEL ENGELSGJERD, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Garfield Lawson, an inmate at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Michael Engelsgjerd, M.D., Assistant Resident Unit Supervisor R. LaLonde, Michelle Horton, R.N., Assistant Resident Unit Manager Unknown Niemi, Correctional Medical Services, Inc. (CMS), Lisa Sweet-Brown, Regional Manager with CMS.

Plaintiff alleges in his complaint that on January 31, 2005, he kited Defendant LaLonde requesting to send legal mail and explaining that he had a filing deadline of February 10, 2005. On February 3, 2005, an unknown officer refused to pick up Plaintiff's legal mail, stating that Defendant LaLonde would pick it up upon his return to work on Monday, February 7, 2005. On February 4, 2005, Plaintiff kited Defendant LaLonde again, and on February 7, 2005, Defendant LaLonde called Plaintiff out in order to process his mail. On February 15, 2005, Plaintiff kited mailroom staff to see if and when his legal mail had been processed, and mailroom staff assured Plaintiff that one package had been processed on February 8, 2005, and the other had been processed

on February 9, 2005. Plaintiff claims that Defendant LaLonde maliciously had his mail sent out on two separate days. Plaintiff states that the Michigan Supreme Court returned his appeal application to him as untimely on March 2, 2005.

Plaintiff also alleges that he has a rare eye disease called iritis, which causes the development of fluid in his pupil and the swelling and sticking of the eyelid. Untreated, Plaintiff's condition can result in blindness. The cause is unknown and there is no known cure. On October 16, 2006, Plaintiff awoke with excruciating eye pain and blurry vision. Plaintiff states that he kited to be seen by the optometrist and followed the instructions given to him by Dr. Luplow. On October 16, 2006, Plaintiff spoke with nursing staff and requested pain relievers from Defendant Parkinson. Plaintiff was instructed to kite for treatment. For the next two days, Plaintiff repeatedly kited for pain medication, to no avail. Plaintiff filed grievance number MBP-06-10-01867-12GI on October 19, 2006.

On November 1, 2006, Plaintiff saw Defendant Engelsgjerd, who told him to stop whining and specify the nature of his ailment. When Plaintiff attempted to tell Defendant Engelsgjerd about the situation leading up to his eye pain, Defendant had officers remove Plaintiff from his office. Plaintiff claims that Defendant Engelsgjerd refused to treat him, prescribe pain medication, schedule him to see an optometrist, or send him to the emergency room. After Plaintiff left, he attempted to discuss his situation with Defendant Neimi, who stated that he did not care and did not have time to talk to Plaintiff because he was on his way home. Plaintiff then sent kites to the Warden, the MDOC Director, the Assistant Deputy Warden, and the Medical Director. Plaintiff also filed grievance number MBP-06-11-01947-28A. On December 18, 2006, Plaintiff kited Defendant Horton, asking why she had falsified her response to Plaintiff's step II appeal on grievance number MBP-06-10-01867-12GI, in which she stated that Plaintiff had been disruptive.

Plaintiff contends that Defendants Engelsgjerd, CMS and Brown denied Plaintiff pain relief, access to a doctor or optometrist, and failed to review Plaintiff's medical file. Plaintiff claims that this conduct violated his rights under the Eighth Amendment, as well as under state law.

Presently before the Court are Defendants' Motions to Dismiss (docket #27 and #29), pursuant to Fed. R. Civ. P. 12(b)(6), for failure to demonstrate exhaustion of administrative remedies. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

In addition, because Defendants have asked that the Court consider evidentiary materials beyond the pleadings with regard to whether Plaintiff exhausted his administrative remedies, the standards applicable to summary judgment apply to the issue of exhaustion. *See* Fed. R. Civ. P. 12(b).

Initially, Defendant LaLonde claims that he is entitled to dismissal because the claims against him are time-barred. Federal courts apply state personal injury statutes of limitations to claims brought under §1983. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947 (1985); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 180-181 (6th Cir. 1990). For civil rights suits filed in Michigan under §1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.) (per curiam), *cert. denied*, 479 U.S. 923, 107 S. Ct. 330 (1986); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Although state tolling provisions must be applied to § 1983 suits brought by prisoners, *Hardin*, 490 U.S. at 544; *Jones v. City of Hamtrack*, 905 F.2d 908, 909 (6th Cir. 1990), *cert. denied*, 498 U.S. 903 (1990), Michigan's tolling provision for imprisoned persons does not provide plaintiff any additional benefit in this case. *See* MICH. COMP. LAWS § 600.5851(9).

Plaintiff claims that the allegedly illegal conduct occurred in 2005. Plaintiff had reason to know of the illegal conduct on March 2, 2005, when he discovered that the Michigan Supreme Court had rejected his application for leave to appeal. However, the Prison Litigation Reform Act amended 42 U.S.C. § 1997e to provide: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1999). This language unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation. Prisoners are therefore prevented from

bringing suit in federal court for the period of time required to exhaust "such administrative remedies as are available." For this reason, the statute of limitations which applied to Plaintiff's civil rights action was tolled for the period during which his available state remedies were being exhausted. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (*citing Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999) (per curiam); *Cooper v. Nielson*, 194 F.3d 1316, 1999 WL 719514 (9th Cir. 1999)).

It is not clear whether Plaintiff filed a grievance regarding Defendant LaLonde's alleged misconduct. However, the grievance process must be resolved within 90 days. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ U (effective 12/19/03). Therefore, Plaintiff could have filed his Section 1983 action on the date which his step III grievance response was to have been completed, which is on May 31, 2005. Given the above facts, the latest date on which the statute of limitations began running was May 31, 2005. Consequently, Plaintiff had three years from that date, or until May 31, 2008, to file this lawsuit. Plaintiff dated this complaint January 7, 2009, and it was received in this court on January 9, 2009. Therefore, it is clear that Plaintiff's claims against Defendant LaLonde are barred by the applicable statute of limitations.

Defendant Neimi and Horton assert that Plaintiff's complaint does not set forth a cognizable claim against them. As noted above, Plaintiff claims that Defendant Neimi refused to listen to his complaint about the doctor and Defendant Horton put false information in her grievance response. Plaintiff contends that Defendants Neimi and Horton failed to act on his behalf after he was denied adequate medical care.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such

care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations against Defendants Neimi and Horton do not rise to the level of an Eighth Amendment violation. In this case, the only involvement that Defendants Neimi and

Horton had was the denial of administrative grievances or the failure to act. Defendants Neimi and Horton cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Neimi and Horton are properly dismissed for lack of personal involvement.

Defendants CMS, Brown, and Engelsgjerd also assert that they are entitled to dismissal because Plaintiff's claims do not show a violation of his rights under the Eighth Amendment. Defendant Engelsgjerd asserts that Plaintiff merely claims that he had officers remove Plaintiff from his office after Plaintiff refused to explain his medical complaint to Defendant Engelsgjerd. Defendant Engelsgjerd states that this is not sufficient to show that he was deliberately indifferent to Plaintiff's serious medical need. However, Plaintiff states that he was denied any treatment or medications for pain, and that he was also refused a referral. These claims are sufficient to support a claim under the Eighth Amendment. Therefore, Defendant Engelsgjerd is not entitled to dismissal.

Defendants Brown and CMS claim that they are entitled to dismissal because Plaintiff has failed to allege any facts showing that they were personally involved in the underlying misconduct. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932

(1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Defendants are correct in asserting that Plaintiff has not alleged facts establishing that Defendants Brown and CMS were personally involved in the activity which forms the basis of his

- 8 -

claim. The only roles that Defendants Brown and CMS had in this action involve the denial of administrative grievances or the failure to act. Defendants Brown and CMS cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Brown and CMS are properly dismissed for lack of personal involvement.

Finally, Defendants Brown, CMS and Engelsgjerd claim that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with regard to them. A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056

(same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral

---

[1]The MDOC amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

Defendants state that Plaintiff filed five grievances through step III between October 15, 2006, and April 28, 2009. (Defendants' Exhibit C, Grievance Inquiry.) Defendants also attach copies of each of these grievances to their brief. (Defendants' Exhibits D, E, F, G, and H.) In grievance number MBP-2006-10-1867-12g1, Plaintiff failed to name Defendants Engelsgjerd, CMS or Brown in the step I grievance. (Defendants' Exhibit D.) In order to properly exhaust Michigan Department of Corrections grievance procedures, a prisoner must raise each of his claims for the first time at Step I. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). However, where a prisoner has set forth a claim in his Step I grievance, he may present additional factual detail at Steps II and III that clarify his allegations at Step I, as a means of justifying his appeal. *Id.* Raising allegations against a particular defendant for the first time at Step II or III is insufficient to demonstrate exhaustion. *Id.* at 576 n.4. Therefore, grievance number MBP-2006-10-1867-12g1 does not serve to exhaust Plaintiff's administrative remedies with regard to Defendants Engelsgjerd, CMS and Brown.

In grievance number MBP-2006-11-1947-28a, Plaintiff names Defendant Engelsgjerd in the step I grievance, but not Defendants CMS or Brown. (Defendants' Exhibit E.) Therefore, this grievance does not serve to exhaust Plaintiff's administrative remedies with regard to Defendants CMS and Brown. Defendant Engelsgjerd also claims that because grievance number MBP-2006-11-1947-28a was rejected as duplicative, it does not satisfy the exhaustion requirement. However, the fact that Plaintiff's grievance was "duplicative" implies that he previously filed a grievance on the issues raised. Moreover, Plaintiff appealed the rejection of this grievance to step III. Plaintiff is not required to take any further action. Therefore, Defendant Engelsgjerd's contention that this grievance does not satisfy the exhaustion requirement lacks merit.

In grievance number MBP-2007-01-33-28j, Plaintiff also named Defendant Engelsgjerd, but failed to name Defendants Brown and CMS. (Defendants' Exhibit F.) This grievance was rejected as improperly filed because it was an attempt to obtain review of a response to a different grievance without filing an appeal to that grievance. However, Plaintiff appealed the rejection of this grievance to step III. Plaintiff is not required to take any further action.

In grievance number AMF-2007-01-11-28e, Plaintiff does not name Defendants Engelsgjerd, Brown or CMS. Nor does the grievance address an alleged denial of medical care. (Defendants' Exhibit G.) Therefore, this grievance does not serve to exhaust Plaintiff's administrative remedies with regard to Defendants Engelsgjerd, Brown and CMS.

Finally, in grievance number MBP-2008-1659-12g3, Plaintiff fails to name Defendants Engelsgjerd, Brown and CMS. (Defendants' Exhibit H.) Therefore, this grievance does not serve to exhaust Plaintiff's administrative remedies with regard to Defendants Engelsgjerd, Brown and CMS.

In conclusion, in the opinion of the undersigned, Defendants Brown and CMS are entitled to dismissal for lack of exhaustion. However, Defendant Engelsgjerd's request for dismissal for lack of exhaustion should be denied.

Accordingly, it is recommended that the motion to dismiss filed by Defendants Horton, LaLonde, and Neimi (docket #39) be granted. It is further recommended that the motion to dismiss filed by Defendants Engelsgjerd, Brown and CMS (docket #27) be granted as to Defendants CMS and Brown, but denied as to Defendant Engelsgjerd.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE

Dated: February 16, 2010