UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARFIELD LAWSON,

        Plaintiff,

                                      File No. 2:09-CV-2

v.

                                      HON. ROBERT HOLMES BELL

MICHAEL ENGELSGJERD, et al.,

        Defendants.
                                 /

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On February 16, 2010, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that the motion to dismiss filed by Defendants Horton, LaLonde, and Niemi (Dkt. No. 39) be granted, and that the motion to dismiss filed by Defendants Engelsgjerd, Brown and Correctional Medical Services, Inc. ("CMS") (Dkt. No. 27) be granted as to Defendants CMS and Brown, but denied as to defendant Engelsgjerd. (Dkt. No. 48, R&R.) Plaintiff Garfield Lawson filed objections to the R&R on March 4, 2010. (Dkt. Nos. 50, 51, Objs.) Defendants CMS and Brown filed a response to Plaintiff's objections on March 18, 2010. (Dkt. No. 56, Resp.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The R&R recommends that Plaintiff's claim against Defendant LaLonde be dismissed as time-barred. Plaintiff acknowledges that he filed this action more than three years after his claim accrued, but he contends that the statute of limitations should be tolled because the Michigan Department of Corrections hindered his ability to grieve by failing to process and return his grievances. Plaintiff contends that his inability to produce his grievances would have resulted in the dismissal of any claim he might have filed.

Plaintiff's request for tolling lacks merit. It is not the prisoner litigant's burden to prove exhaustion. As noted in the R&R, a prisoner's failure to exhaust his administrative remedies is an affirmative defense which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Accordingly, Plaintiff's contention that his inability to produce his grievances would have resulted in dismissal of his claims is no more than speculation.

The R&R recommends dismissal of Plaintiff's claims against Defendants Niemi and Horton for failure to state a claim. Plaintiff does not dispute the R&R's observation that these Defendants' only involvement in the activity which forms the basis of his claim was denying an administrative grievance and failing to act. The R&R correctly determined that such allegations are insufficient to state a § 1983 claim. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that defendants could not be liable under § 1983 where their only roles involved the denial of administrative grievances or the failure to act).

Plaintiff objects to the R&R's recommendation that Plaintiff's claims against Defendants CMS and Brown be dismissed for failure to state a claim and for failure to

exhaust administrative remedies. Plaintiff's assertion that CMS and Brown were "overseers" of health care at the prison and were responsible for the actions of those they oversee does not remedy the problem noted in the R&R, i.e., that Plaintiff failed to allege any facts showing that Defendants CMS and Brown were personally involved in the activity which forms the basis of his claim.

Plaintiff objects to the R&R's alternative determination that Defendants CMS and Brown are entitled to summary judgment because Plaintiff failed to exhaust his claims against them. Plaintiff states that, even if he did not name these Defendants in his grievances, he clearly stated a violation of his constitutional right for which Defendants can be held accountable. The R&R correctly outlines the requirements for exhaustion of administrative remedies. (R&R at 10-11.) Plaintiff's contention that he exhausted his administrative remedies is without merit because Plaintiff has admittedly failed to comply with the requirement that he identify all those involved in the issue being grieved. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. Nos. 51, 51) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the February 16, 2010, R&R (Dkt. No. 48) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendants Horton, LaLonde, and Niemi (Dkt. No. 39) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendants Engelsgjerd, Brown and Correctional Medical Services, Inc. ("CMS") (Dkt. No. 27) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is granted as to Defendants CMS and Brown, and denied as to Defendant Engelsgjerd.


Dated: March 29, 2010                                     /s/ Robert Holmes Bell
                                                                            ROBERT HOLMES BELL
                                                                            UNITED STATES DISTRICT JUDGE