UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARFIELD LAWSON,

    Plaintiff,

v.

File No. 2:09-CV-2

HON. ROBERT HOLMES BELL

MICHAEL ENGELSGJERD, et al.,

    Defendants.

                                  /

## **O P I N I O N**

This matter comes before the Court on Defendant Michael Engelsgjerd's motion for reconsideration. (Dkt. No. 63.) Defendant requests reconsideration of the March 29, 2010, order adopting the Magistrate Judge's Report and Recommendation ("R&R") on the basis that this Court failed to consider and address his objections to the R&R.

Reconsideration is appropriate if the movant demonstrates "a palpable defect by which the Court and the parties have been misled," and that "a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). Defendant Engelsgjerd has demonstrated that he timely filed objections to the R&R (Dkt. No. 49) that were inadvertently overlooked by the Court. Reconsideration is appropriate, and the Court will accordingly address Defendant Engelsgjerd's objections now.

Defendant Engelsgjerd objects to the recommendation that the Court deny his motion to dismiss Plaintiff's Eighth Amendment claim. Defendant Engelsgjerd contends that

Plaintiff's conclusory allegations that Defendant Engelsgjerd denied him any treatment or medications for pain and that he refused a referral for Plaintiff are not sufficient to state a claim of deliberate indifference to a serious medical need.

"A prisoner has adequately stated a cause of action 'when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury.'" *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir. 2009) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976)). Deliberate indifference has both an objective component, i.e., that the medical need was sufficiently serious, and a subjective component, i.e., that the prison official had a sufficiently culpable state of mind. *Id.*

Reading Plaintiff's amended complaint as a whole, the Court concludes that even though Plaintiff's allegations regarding the subjective component are weak, construing the complaint in the light most favorable to him, and accepting all factual allegations as true, Plaintiff has sufficiently stated a claim that Dr. Engelsgjerd had knowledge of Plaintiff's serious medical needs and was deliberately indifferent to those needs. The Court will accordingly overrule Defendant Engelsgjerd's objection to the R&R's recommendation that the Court deny Defendant Engelsgjerd's motion to dismiss for failure to state a claim.

Defendant Engelsgjerd also objects to the R&R's recommendation that Defendant Engelsgjerd's motion to dismiss for lack of exhaustion be denied. Specifically, Defendant Engelsgjerd objects to the determination that Plaintiff exhausted grievance numbers

MBP-2006-11-1947-28a, and MBP-2007-01-33-28j. Defendant Engelsgjerd contends that Plaintiff did not exhaust his administrative remedies because both of these grievances were rejected at all three steps of the grievance procedure for failing to comply with the procedural requirements contained in the grievance policy.

The R&R correctly noted that in order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the prison grievance procedures. (R&R at 10, citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). "[I]t is the prison's requirements . . . that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. at 218. MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003) addressed the procedural requirements for prisoner grievances that were in effect at the time the grievances at issue were filed. The applicable policy directive provided that a grievance may be rejected if it "raises issues that are duplicative of those raised in another grievance filed by the grievant." P.D. 03.02.130 (G)(1). It also provided that a rejected grievance may be appealed, but that "[a] new grievance shall not be filed regarding the rejection." P.D. 03.02.130 (I).

Grievance MBP-2006-11-1947-28a was rejected at all three steps of the grievance process as duplicative. Because the grievance was duplicative, Plaintiff did not complete the administrative review process in accordance with the prison grievance procedures. The R&R nevertheless held that Plaintiff satisfied the exhaustion requirements because "the fact that Plaintiff's grievance was 'duplicative' implies that he previously filed a grievance on the

3

issues raised," and "Plaintiff appealed the rejection of this grievance to step III." (Dkt. No. 48, R&R at 12.)

Grievance MBP-2007-01-33-28j was rejected at all three steps of the grievance process because it was an attempt to obtain review of a response to a different grievance without filing an appeal to that grievance. The R&R nevertheless held that Plaintiff satisfied the exhaustion requirements because Plaintiff appealed the rejection of this grievance to step III. (Dkt. No. 48, R&R at 13.)

Although the R&R correctly outlines the law relating to exhaustion, the Court does not agree with the R&R's application of the law to the two grievances against Defendant Engelsgjerd. Nothing in *Jones v. Bock* or prison policy suggests that a prisoner's failure to follow prison grievance procedures is excused if a prisoner appeals the rejection of his grievance through all three steps of the grievance process. Moreover, nothing in *Jones v. Bock* or prison policy suggests that a grievance that is rejected as duplicative is nevertheless sufficient to exhaust administrative remedies because it implies a previously filed grievance on the same subject matter. As this Court has previously held, as long as the prison "clearly rejects a grievance for a reason explicitly set forth in the applicable grievance procedure, 'a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust.'" *Burnett v. Howard*, No. 2:09-CV-37, 2010 WL 1286256, at *1 (W.D. Mich. Mar. 30, 2010) (Bell, J.) (quoting *Grear v. Gelabert*, No. 1:07-CV-203, 2008 WL 474098, at *2 n. 1 (W.D. Mich. Feb.15, 2008) (Jonker, J.)). In this case, both of Plaintiff's

4

grievances against Defendant Engelsgjerd were rejected for failure to follow the applicable prison grievance procedures. Plaintiff did not properly exhaust his administrative remedies with respect to either of these grievances because he failed to complete the administrative review process in accordance with the prison grievance procedures. Accordingly, on reconsideration, the Court rejects that portion of the R&R that found that Plaintiff exhausted his claims against Defendant Engelsgjerd. Defendant Engelsgjerd's motion to dismiss for failure to exhaust administrative remedies will be granted.

Finally, Defendant Engelsgjerd objects to the R&R's failure to address his motion to dismiss Plaintiff's state law claims. In his motion to dismiss, Defendant Engelsgjerd argues that upon dismissal of Plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss them without prejudice.

District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "'When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.'" *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007) (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). The decision on whether to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity." *Musson*, 89 F.3d at 1254 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Because Defendant Engelsgjerd is entitled to dismissal of Plaintiff's Eighth Amendment claim, there are no remaining claims over which the Court has original jurisdiction. Upon review of the relevant considerations, the Court concludes that it should not exercise supplemental jurisdiction over Plaintiff's state law. Accordingly, Plaintiff's state law claims will be dismissed without prejudice.

An order and judgment consistent with this opinion will be entered.


Dated: April 21, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE